1
2
3
4
5
6
7
8
9
10
11

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **DAVID W. JACOBSON** | ) | **1:07-cv-0596 AWI WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **vs.** | ) | **MOTION TO DISMISS** |
| | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| **WARDEN, McFARLAND CCF, et al.,** | ) | |
| | ) | [Doc. 14 ] |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

### BACKGROUND

This petition for writ of habeas corpus challenges the revocation of Petitioner's parole in 2005 by the Board of Parole Hearings ("the Board").

**PROCEDURAL HISTORY**

On October 31, 2005, the Board found good cause to revoke Petitioner's parole and impose a ten-month revocation term for possession of drug paraphernalia, possession and use of cocaine, resisting arrest, and making terrorist threats.  Petitioner challenged the Board's decision by filing a habeas corpus petition in Kern County Superior Court, but his petition was denied for failure to state a claim upon which habeas corpus relief could be granted on March 27, 2006.  Petitioner filed a habeas corpus petition in the California Court of Appeal, Fifth Appellate District, which summarily denied the petition on December 21, 2007.  Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which denied the petition on March 21, 2007, with citations to People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304.

Petitioner filed the present action in this court on April 18, 2007.  On June 6, 2007, the court entered findings and recommendations in this case in which it found that although Petitioner seeks to challenge his parole revocation, it appeared from the petition that the only grounds for relief Petitioner had presented to the California Supreme Court were elated to his original conviction. The court found that the claims related to his parole revocation thus appeared to be unexhausted. Therefore the court recommended that this petition for writ of habeas corpus be dismissed without prejudice. In his objections filed June 18, 2007, Petitioner explained that he did present his claims regarding parole revocation to the California Supreme Court, but was unable to provide the court with documentation of that fact.  The court therefore vacated the findings and recommendations entered June 6, 2007, and ordered Respondent to respond to the petition.

On February 4, 2008, Respondent filed the present motion to dismiss.  Petitioner has not responded to the motion to dismiss. In the motion, Respondent states that Petitioner has been released on parole.  Respondent therefore asks the court to substitute Secretary James E. Tilton as Respondent

1

**LEGAL STANDARD**

2

JURISDICTION

3      Relief by way of a petition for writ of habeas corpus extends to a person in custody

4  pursuant to the judgment of a state court if the custody is in violation of the Constitution or

5  laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams

6  v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of

7  his rights as guaranteed by the United States Constitution.  In addition, the conviction

8  challenged arises out of Kern County, which is located within the jurisdiction of this court.

9  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

10      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

11  Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

12  enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522

13  U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

14  (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107,

15  117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117

16  S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

17  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its

18  provisions.

19  STANDARD OF REVIEW

20      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

21  custody pursuant to the judgment of a State court only on the ground that he is in custody in

22  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

23      The AEDPA altered the standard of review that a federal habeas court must apply

24  with respect to a state prisoner's claim that was adjudicated on the merits in state court.

25  Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

26  habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

27

28                                                     3

that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States;" or "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in

the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173

(2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143

(9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court

may not issue the writ simply because that court concludes in its independent judgment that

the relevant state-court decision applied clearly established federal law erroneously or

incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be

objectively unreasonable."  Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

(1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

criminal conviction is the primary method for a petitioner to challenge that conviction.

Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the

state court's factual determinations must be presumed correct, and the federal court must

accept all factual findings made by the state court unless the petitioner can rebut "the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99,

116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner has failed to

exhaust his state judicial remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction

by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

4

court the initial opportunity to correct the state's alleged constitutional deprivations.
Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,
455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th
Cir. 1988).

     A petitioner can satisfy the exhaustion requirement by providing the highest state
court with a full and fair opportunity to consider each claim before presenting it to the federal
court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88
F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given
a full and fair opportunity to hear a claim if the petitioner has presented the highest state court
with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887,
888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992)
(factual basis). Additionally, the petitioner must have specifically told the state court that he
was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888;
Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to
claim that the trial court violated his due process rights "he must say so, not only in federal
court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a
constitutional guarantee is  insufficient to present the "substance" of such a federal claim to a
state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion
requirement not satisfied circumstance that the "due process ramifications" of an argument
might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996)
("a claim for relief in habeas corpus must include reference to a specific federal constitutional
guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

     In the present case, the California Supreme Court summarily denied the petition with
a citation to In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949), and People v. Duvall,
9Cal.4th 464, 474 (1995).  In Duvall, the California Supreme Court summarized the
applicable procedural requirements for state habeas petitions. In re Swain is cited by the

Supreme Court of California to indicate that claims were not alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed state petition and state judicial remedies therefore are not considered exhausted. See, Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986); see also McQuown v. McCartney, 795 F.2d 807, 808 n 1, 809 (9th Cir1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974).

As Respondent argues, the California Supreme Court's citation to both Swain and Duvall makes it clear that the court denied Petitioner's state habeas corpus petition on the ground that his pleading was insufficient, and that the court did not reach the merits of the petition. A state court habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.   Coleman v. Thompson, 501 U.S. 722, 732 (1991).  Thus, the court finds that Petitioner has failed to exhaust his state administrative remedies.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)      that the Clerk of the Court be directed to substitute Secretary James E. Tilton as Respondent;

2)       that Respondent's motion to dismiss be GRANTED;

2)      that this petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial remedies;

3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be

6

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 13, 2008**                            <u>      **/s/  William M. Wunderlich**      </u>
                                                                    UNITED STATES MAGISTRATE JUDGE